Douglas, J.,
concurring in part and dissenting in part. I concur with the syllabus law announced by the majority, and with the majority’s disposition of case No. 91-2483. I concur in Part II of the opinion with regard to how the majority decides, in part, case No. 91-2484, and in Part III(B) of the opinion, as to the majority’s discussion and disposition pertaining to R.C. 3319.02(D) and 3319.17. I respectfully dissent as to the discussion and judgment of the majority in Part 111(A) of the opinion.
As set forth in the majority opinion, R.C. 3319.02(D) states, in part, that “* * * [u]pon request by such an employee, the board shall grant the employee a meeting in executive session to discuss the reasons for considering renewal or nonrenewal of his contract.” It is my judgment that the majority’s discussion and decision as to this subdivision of the statute may be interpreted, for all practical purposes, to read it out of existence. I would find that both the statute and fundamental fairness require that reasons be given for nonrenewal.
It would appear implicit that when the General Assembly provides for a nonrenewed administrator to request and be granted a hearing before the board “to discuss the reasons for * * * nonrenewal,” a necessary condition precedent therefor is that reasons for the nonrenewal be given the employee. Otherwise, the provision has no meaning and it is our duty to give credence to the entire statute — not just a part thereof. Since the record in this case clearly reflects that no reasons for nonrenewal were given the employees and, in addition, that at the meeting before the board, the employees were simply given the opportunity to express to the board why they (the employees) should have their contracts renewed, it is obvious that there has not been compliance with the statute.
Finally, there is the question of fundamental fairness. Which of us, if we were administrators, would like to face the prospect of applying for a new job in a new school district and appearing before a new school board, a new *510 superintendent or screening committee and having to respond to the question of “Why were you nonrenewed?” with the answer “I don’t know. They did not tell me.” Either such response would not be believed or the worst would be assumed. Every person should know why she or he has been terminated from employment. Was it because of lack of funds, decreased enrollment, reduction in force or even just because the administrator drives a blue, rather than a red, car to work? Without being given any reasons, a stigma attaches that will be difficult, if not impossible to remove. Simply put — it is fundamentally unfair. I trust that the majority opinion will not be read to sanction such unfairness.
Accordingly, I respectfully concur in part and dissent in part.